# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN FREIBAUM,<br><br>    Plaintiff,<br><br>  v.<br><br>K. HOLLAND, et al.,<br><br>    Defendants. | 1:14-cv-01832-BAM (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 9)<br><br>ORDER GRANTING LEAVE TO AMEND COMPLAINT TO SUBSTITUTE JANE DOE DEFENDANT<br><br>ORDER DISMISSING DEFENDANTS HOLLAND, SHIESHA, AND SANDERS FOR FAILURE TO STATE A CLAIM<br><br>THIRTY (30) DAY DEADLINE |

**I.      Procedural Background**

Plaintiff Alan Freibaum ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 21, 2014. Plaintiff has consented to magistrate judge jurisdiction. (ECF No. 7.)

On April 29, 2015, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and found that Plaintiff stated a cognizable claim against Defendants John Doe #1 and John Doe #2, but failed to state any other cognizable claims. The Court directed Plaintiff to either file an amended complaint or a notice indicating he was agreeable to proceeding only on the cognizable claims. (ECF No. 8.)

On May 7, 2015, Plaintiff filed the instant motion for reconsideration of the Court's screening order pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 9.) Plaintiff argues that his complaint states a cognizable claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment against Jane Doe #1. Plaintiff also raises separate issues in that motion regarding naming the Doe defendants in his complaint. Finally, Plaintiff also filed a separate notice indicating that if the Court denies his Rule 60(b) motion, then he does not wish to file an amended complaint and is willing to proceed only on the cognizable deliberate indifference claim against Defendants John Doe #1 and John Doe #2. (ECF No. 10.)

## II.     Motion for Reconsideration of Screening Order

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted).

In support of his motion for reconsideration, Plaintiff reasserts the factual basis of his allegations against Jane Doe #1, and cites some case law in support of his claim. Ordinarily, a Plaintiff's mere disagreement with the Court's determination is not a sufficient basis for reconsideration. See United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.

1  Cal. 2001). However, in this instance, the Court finds that Plaintiff has provided sufficient
2  grounds for reconsideration of its prior screening order.
3        Plaintiff argues that he has pleaded sufficient facts to show that "deliberate indifference
4  . . . rather than an exercise of professional judgment" caused Jane Doe #1 to choose an "easier
5  and less efficacious treatment" for his diabetes complications on June 22, 2013. See Estelle v.
6  Gamble, 429 U.S. 97, 105 n.10, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976) (quoting Williams v.
7  Vincent, 508 F.2d 541, 544 (2d Cir. 1974)). Plaintiff further argues that although Jane Doe #1
8  provided some treatment, he has sufficiently pleaded that the treatment was so cursory that it was
9  done in conscious disregard of his serious medical problems. See Jackson v. McIntosh, 90 F.3d
10 330, 332 (9th Cir. 1996). Taking Plaintiff's well-pleaded allegations as true, which the Court
11 must do at this stage, Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009), the
12 Court agrees that Plaintiff has provided sufficient factual allegations to state a claim against Jane
13 Doe #1.
14       As Plaintiff notes, he pleaded that he informed Jane Doe #1 he was suffering from severe
15 chills, high fevers at night, loss of appetite, and increased need and frequency to urinate. Jane
16 Doe #1 took his temperature and blood pressure, stated there was nothing wrong with him, and
17 told him to go back to his housing unit. Plaintiff further informed Jane Doe #1 that he was
18 diabetic, and had been under chronic care at his last institution. Jane Doe #1 administered a
19 finger test, which proved to be high. Nevertheless, Jane Doe #1 did not address Plaintiff's
20 complaints. Jane Doe #1 referenced the fact that Plaintiff was not on the master list of diabetics,
21 and although she wrote a ducat for Plaintiff to visit a doctor in two days, she provided no other
22 immediate care or treatment, and sent him back to his housing unit. Plaintiff further complains
23 that in the intervening two days, he was in a life-threatening situation, reached dangerously
24 elevated ketone levels, and was transported by ambulance to a hospital for care.
25       Taken as a whole, at this stage in the litigation, Plaintiff's allegations regarding the
26 severity of his symptoms, Jane Doe #1's knowledge of his condition, and the cursory treatment
27 provided, are sufficient to state a claim for deliberate indifference to his serious medical needs in
28 violation of his Eighth Amendment constitutional rights. Plaintiff's claim is further supported by

his allegation that Jane Doe #1 referenced his absence from the master list of diabetics, which plausibly suggest some motivation for Jane Doe #1's actions other than a medical determination. See Jackson, 90 F.3d at 332 (a plaintiff can support a claim of deliberate indifference by showing that a physician's treatment decision was motivated by something other than medical judgment).

In short, Plaintiff's motion for reconsideration, to the extent it seeks the Court to reverse its finding that he did not state a claim for deliberate indifference to his serious medical needs against Jane Doe #1, is granted. Furthermore, based on Plaintiff's separately filed notice stating he is willing to proceed only on the claims found by the Court to be cognizable, Plaintiff will not be provided any further opportunities to amend his complaint to attempt to state additional claims. This matter will now move forward on Plaintiff's claim against Jane Doe #1 for deliberate indifference to serious medical needs, and claims against John Does #1 and #2 for deliberate indifference to conditions of confinement, in violation of the Eighth Amendment. All other claims and defendants are dismissed for failure to state a claim.

### III.     Motion to Substitute Jane Doe Defendant

Next, Plaintiff states in his motion for reconsideration that he has now identified Jane Doe #1 as "S. Wooten, R.N.," and he wishes to add her to the list of defendants in place of Jane Doe #1. (ECF No. 9, pp. 1-2.) The Court construes Plaintiff's motion in this respect as a request for leave to amend his complaint to identify the Jane Doe #1 defendant.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." Id.

///

The Court has considered the proposed amendment to identify Jane Doe #1 as "S. Wooten, R.N." in this action, and finds that leave to amend should be granted. In considering the relevant factors, the Court finds no evidence of prejudice, bad faith, undue delay, or futility. Accordingly, Plaintiff shall be granted leave to file an amended complaint, within thirty (30) days, for the sole purpose of identifying the Jane Doe #1 defendant. Plaintiff should note that although he has been granted leave to amend, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff is further advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

**IV.     Request for Order Directing Institution to Provide Names of John Does #1 & #2**

Finally, in Plaintiff's motion for reconsideration, he requests an order from the Court directing the California Correctional Institution at Tehachapi, California (the "CCI") to check its log of drivers from July 1, 2013, and produce the names of John Does #1 and #2. (ECF No. 9, pp. 3-4.) Generally, when the identity of alleged defendants is not known prior to filing the complaint, a plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or the complaint would be dismissed on other grounds. Gillespie v. Civiletti, 629 F.2d 637, 642-43 (9th Cir. 1980) (pro se plaintiff permitted to serve interrogatories to obtain the names and addresses of persons named as Doe defendants).

In this case, Plaintiff will be provided an opportunity to conduct reasonable discovery to identify John Doe #1 and John Doe #2. His current request for an order from the Court directed at the CCI is, however, unsupported and denied.

**V.     Conclusion and Order**

For the above stated reasons, it is HEREBY ORDERED as follows:

1.      Plaintiff's motion for reconsideration pursuant to Rule 60(b) (ECF No. 9) is

granted in part and denied in part;

2. This action shall proceed on Plaintiff's claims of deliberate indifference to serious medical needs against Defendant Jane Doe #1, and deliberate indifference to conditions of confinement against Defendants John Doe #1 and John Doe #2;

3. Defendants K. Holland, S. Shiesha, and R. Sanders are dismissed from this action for Plaintiff's failure to state a claim against them;

4. Plaintiff's motion to amend the complaint to identify the Jane Doe #1 defendant is granted;

5. The Clerk's Office shall send Plaintiff a civil rights complaint form;

6. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a First Amended Complaint as discussed in this order. Plaintiff shall clearly identify the amended complaint as "First Amended Complaint" and refer to the case number. Plaintiff may not add any new allegations or claims to this action other than those already found to be cognizable by the Court;

7. Plaintiff's request for an order to the California Correctional Institution at Tehachapi, California is denied; and

8. **If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order**.

IT IS SO ORDERED.

   Dated:   **February 11, 2016**          /s/ *Barbara A. McAuliffe*          
                                          UNITED STATES MAGISTRATE JUDGE