# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN FREIBAUM,<br><br>   Plaintiff,<br><br> v.<br><br>K. HOLLAND, et al.,<br><br>   Defendants. | 1:14-cv-01832-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>(ECF No. 21) |

  Plaintiff Alan Freibaum ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction. (ECF No. 7.) This action proceeds on Plaintiff's claims of deliberate indifference to serious medical needs against Defendant S. Wootton, R.N., and deliberate indifference to conditions of confinement against Defendants John Doe #1 and John Doe #2, in violation of the Eighth Amendment.

**I. Motion for Preliminary Injunction**

  Currently before the Court is Plaintiff's motion for a preliminary injunction against Warden W.L. Muniz, Associate Warden J. McCall, Facility Captain T. Selby, CCII E. Medina, and CCI L. Sanchez, who are employed at the Correctional Training Facility, in Soledad, California ("CTF"). (ECF No. 21.) Plaintiff states in his declaration in support of his motion that Associate Warden McCall, Captain Selby, and CCI Sanchez were on a classification committee at CTF that recommended his transfer to Salinas Valley State Prison ("SVSP"). Plaintiff was

1  transferred to SVSP on May 6, 2016. Prior to his transfer, he inquired of the committee regarding
2  law library facilities, and was told there was a law library available at SVSP. However, the law
3  library at SVSP has been closed since his arrival, and thus he has not had access.

4       Plaintiff then filed an emergency grievance for transfer to a facility with a law library. On
5  August 16, 2016, this emergency grievance was denied at the second level of appeal. Plaintiff is
6  awaiting the third level decision.

7       Plaintiff believes Defendants in his action have filed or will soon file a motion for
8  summary judgment, and without access to a law library, his ability to respond will be diminished.
9  He seeks an injunction requiring the prison officials listed above to transfer him to the facility of
10 his choice.

11  **A.  Standard**

12       The purpose of a preliminary injunction is to preserve the status quo if the balance of
13 equities so heavily favors the moving party that justice requires the court to intervene to secure
14 the positions until the merits of the action are ultimately determined. Univ. of Texas v.
15 Camenisch, 451 U.S. 390, 395, 101 S. Ct. 1830, 68 L. Ed. 2d 175 (1981). "A plaintiff seeking a
16 preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to
17 suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his
18 favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense
19 Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008). "[A] preliminary
20 injunction is an extraordinary and drastic remedy, one that should not be granted unless the
21 movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S.
22 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (quotations and citations omitted) (emphasis
23 in original).

24       Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court
25 must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95,
26 102, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983); Valley Forge Christian Coll. v. Ams. United for
27 Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982).
28 If the court does not have an actual case or controversy before it, it has no power to hear the

matter in question. Lyons, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985).

The pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Institute, 555 U.S. 488, 491–93, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491–93; Mayfield, 599 F.3d at 969.

**B.     Discussion**

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. This action concerns Plaintiff's Eighth Amendment claims against certain staff employed at the California Correctional Institution in Tehachapi, California. The prison officials at CFT that Plaintiff seeks an injunction against are not parties to this action, nor is the matter of his transfer to SVSP an issue or claim in this case. The Court does not have personal jurisdiction over the prison officials at CFT where Plaintiff was previously housed, simply because this action was filed. Therefore, the Court cannot issue an order requiring those prison officials to take any action, including to transfer Plaintiff to another institution. Further, now that Plaintiff is housed at SVSP, any claim for injunctive relief against the officials at CFT, where he was formerly housed, is now moot, as those officials are no longer involved in determining his housing situation. See Holt v. Stockman, 2012 WL 259938, *6 (E.D. Cal. Jan. 25, 2012) (a prisoner's claim for injunctive relief is rendered moot when he is transferred from the institution whose employees he seeks to enjoin); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).

The Court also informs Plaintiff that he appears to be misinformed about the status of this case. Service of the summons and complaint by the United States Marshal is currently pending against the only named Defendant in this action, S. Wootton. (ECF No. 18.) Defendant Wootton has not yet been served, appeared, or responded to the complaint. No motion for summary

judgment has been filed or is pending, nor is any response to such a motion required from Plaintiff at this time. Thus, to the extent Plaintiff seeks some form of relief from the Court related to any need to respond to a motion for summary judgment, it is denied.

## II. Conclusion and Order

For the reasons explained above, the Court HEREBY ORDERS that Plaintiff's motion for a preliminary injunction, filed August 29, 2016 (ECF No. 21), is DENIED.

IT IS SO ORDERED.

Dated:   **September 1, 2016**              /s/ *Barbara A. McAuliffe*
                                                       UNITED STATES MAGISTRATE JUDGE