# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN FREIBAUM,<br><br>        Plaintiff,<br><br>   v.<br><br>K. HOLLAND, et al.,<br><br>        Defendants. | Case No. 1:14-cv-01832-BAM (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO NAME DEFENDANTS JOHN DOE #1 AND JOHN DOE #2<br>(ECF No. 34)<br><br>ORDER DENYING MOTION NAMING FOURTEEN NEW DEFENDANTS TO ACTION<br>(ECF No. 35)<br><br>ORDER DENYING MOTION TO JOIN WARDEN AS DEFENDANT FOR LIMITED DISCOVERY<br>(ECF No. 36)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL FOR LIMITED DISCOVERY<br>(ECF No. 37)<br><br>THIRD AMENDED COMPLAINT DEADLINE: **THIRTY (30) DAYS**<br><br>IDENTIFY JOHN DOE #2 DEADLINE: **NINETY (90) DAYS** |

**I.    Background**

Plaintiff Alan Freibaum ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on

1

Plaintiff's second amended complaint against Defendant Justice for deliberate indifference to serious medical needs in violation of the Eighth Amendment and against Defendants John Doe #1 and John Doe #2 for deliberate indifference to conditions of confinement in violation of the Eighth Amendment. (ECF Nos. 28, 29.) On May 22, 2017, the Court ordered Plaintiff to provide written notice within ninety (90) days identifying the Doe Defendants with enough information to locate the defendants for service of process. (ECF No. 30.) Plaintiff's response was due on or before August 23, 2017.

On June 29, 2017, Plaintiff filed a notice of submission of four motions seeking the best option to proceed, and the following motions: (1) motion to name defendants John Doe #1 and John Doe #2; (2) motion naming fourteen new defendants to action; (3) motion to join Warden as defendant for limited discovery; and (4) motion to appoint counsel for limited discovery. (ECF Nos. 33–37.) These motions are deemed submitted. Local Rule 230(l).

**II.     Motions Submitted**

In his notice of submission of four motions, Plaintiff states that he has performed his due diligence in order to obtain the identities of the Doe Defendants. Plaintiff submitted a public records request to CCI's Litigation Office, which was returned with a list of fourteen names as potential Doe Defendants. In light of this information, Plaintiff submitted four separate motions, and seeks the Court's assistance in deciding how to proceed. (ECF No. 33.)

First, Plaintiff seeks leave to amend to name Defendants John Doe #1 and John Doe #2. (ECF No. 34.) Plaintiff states that to the best of his belief, L. Briones is the name of one member of the medical transport team named in this action. However, Plaintiff states that he is using deductive reasoning in naming G. Wilkins as L. Briones's partner. Therefore, Plaintiff seeks leave to amend his complaint to identify L. Briones as John Doe #1 and G. Wilkins as John Doe #2 in this action. (ECF No. 34.)

Second, given Plaintiff's uncertainty as to the identify of John Doe #2, Plaintiff seeks to add all fourteen names as new defendants to this action. (ECF No. 35.)

Third, Plaintiff seeks to re-join Warden K. Holland as a defendant to this action, for the sake of limited discovery to produce the identities of the Doe Defendants. (ECF No. 36.)

Finally, Plaintiff requests the appointment of counsel to assist with limited discovery in naming the Doe Defendants. (ECF No. 37.)

### III. Discussion

#### a. Motions to Amend and Join Defendants

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." Id.

The Court has considered the proposed amendment to name the two Doe Defendants, (ECF No. 34), and finds that leave to amend should be granted in part and denied in part. In considering the relevant factors, the Court finds no evidence of prejudice, bad faith, undue delay in litigation, or futility. Plaintiff will be permitted to file an amended complaint identifying L. Briones as John Doe #1.

However, the Court declines to allow G. Wilkins to be named as a defendant based solely on Plaintiff's deductive reasoning. Similarly, the Court declines to name as defendants all fourteen of the drivers on the log provided by CCI, and Plaintiff's motion to add fourteen new defendants is denied. Plaintiff has identified John Doe #1 as L. Briones, and has stated that John Doe #2 is the partner of L. Briones. Plaintiff is not precluded from serving discovery on the named defendants to this action to determine the true name of L. Briones's partner on the date of Plaintiff's transport.

Plaintiff's motion to re-join Warden K. Holland as a defendant for the purpose of conducting limited discovery is denied. At this time, the Court does not find that non-party discovery is necessary to identify the Doe Defendants. Moreover, even if such non-party

discovery were required, it would not be necessary to join the Warden as a defendant to this action.  See Fed. R. Civ. P. 45.

Finally, the Court finds that Plaintiff has demonstrated a good faith effort to identify the Doe Defendants in this action.  In light of Plaintiff's diligence, and the timely filing of the instant motions, the Court finds it appropriate to grant Plaintiff an extension of time to identify the remaining Doe Defendant.

### b. Motion to Appoint Counsel for Limited Discovery

Plaintiff also seeks the appointment of counsel in order to conduct limited discovery in identifying the Doe Defendants in this action.  In support of his motion, Plaintiff states that he is unable to afford counsel, he has performed his due diligence in attempting to identify the Doe Defendants, his imprisonment greatly limits his ability to perform proper discovery, and providing counsel for limited discovery will provide a smoother and swifter resolution of this case. (ECF No. 37.)

As Plaintiff has been informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

In the present case, the Court again does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with similar cases brought by prisoners seeking to conduct discovery and identify Doe

defendants almost daily.  Further, at this early stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims.  Id.

**IV.     Conclusion and Order**

As discussed, Plaintiff shall be granted leave to file a third amended complaint, within thirty days, in order to identify Defendant John Doe #1 as L. Briones.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's constitutional rights, Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

Plaintiff should note that although he has been granted leave to amend, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff is cautioned that he has been granted leave to amend the complaint for the sole purpose of identifying Defendant John Doe #1.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's third amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Accordingly, it is HEREBY ORDERED as follows:

1. Plaintiff's motion to name Defendants John Doe #1 and John Doe #2, (ECF No. 34), is GRANTED IN PART and DENIED IN PART;
    a. The Clerk's Office shall send Plaintiff a civil rights complaint form;
    b. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a third amended complaint as discussed in this order;
    c. Plaintiff shall clearly identify the amended complaint as "Third Amended Complaint" and refer to the case number;

5

  d. Plaintiff may not add any new allegations or claims to this action other than those already found to be cognizable by the Court;

2. Plaintiff's motion to name fourteen new defendants to this action, (ECF No. 35), is DENIED;

3. Plaintiff's motion to join Warden as defendant for limited discovery, (ECF No. 36), is DENIED;

4. Plaintiff's motion to appoint counsel for limited discovery, (ECF No. 37), is DENIED;

5. Within **ninety (90) days** from the date of service of this order, Plaintiff shall provide the Court with written notice identifying Defendant John Doe #2 with enough information to locate the defendant for service of process; and

6. **If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.**

IT IS SO ORDERED.

Dated: **September 19, 2017**       /s/ *Barbara A. McAuliffe*
                     UNITED STATES MAGISTRATE JUDGE